## Chicago City Railway Company v. M. C. Jennings.

1. PLEADING—*Charging Negligence.*—It is a fundamental principle of pleading that a party is not required to plead the evidence by which his action is to be maintained, but in charging negligence, it is necessary to set forth the negligence on account of which he seeks a recovery. It is not necessary, however, to set forth the circumstances contributing to the negligence, for this would be pleading the evidence.

**Memorandum.**—Action for personal injuries. In the Superior Court of Cook County; the Hon. GEORGE W. BLANKE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed January 25, 1895.

### STATEMENT OF THE CASE.

This action was brought by appellee, M. C. Jennings, against appellant, Chicago City Railway Company, to recover damages by reason of injuries to a certain phaeton of

appellee, alleged to have been caused by a certain collision between it and a train of appellant.

The declaration in this case contained one count, and states that on May 5, 1893, appellee was riding in a " Goddard phaeton " drawn by a horse, on Cottage Grove avenue near 70th street, in Chicago, Illinois, and that appellant was driving a certain motor car and train on Cottage Grove avenue, in Chicago, and while near 70th street, while plaintiff with all due care and diligence was riding in the said carriage at or near the intersection of said streets, defendant, then and there by its servants, so carelessly and improperly drove and managed the said motor and train of cars that by and through the negligence and improper conduct of defendant in that behalf, the said motor and train of cars then and there ran into and struck with great force and violence upon and against said carriage, etc., damaging the same, etc.

To this declaration a demurrer was interposed by appellant, alleging as special grounds of demurrer that " the allegation that the defendant carelessly and improperly drove and managed its train of cars," is vague, uncertain and indefinite, and fails to inform defendant wherein the negligence complained of consisted, and also that the said declaration fails to set forth whether the plaintiff was driving personally, or whether his servant had charge of the carriage in question, and if the carriage was driven by a servant, whether the servant was free from negligence.

This demurrer was overruled, and on appellant electing to stand by its demurrer, judgment was entered by default against appellant for one hundred and sixty dollars.

Counsel for appellant say that a party can be cited into court, as in the case at bar, and in the declaration charged, in the most general terms, to have been negligent, without in any manner apprising him wherein, charging merely that he " carelessly and improperly drove and managed a certain train," etc., which at best is merely a conclusion of the pleader and not a statement of facts, stating not one of the numerous acts of omission or commission, each separate and distinct from the other, which may be comprised under

this omnibus allegation of negligence. This is unreasonable to a degree, and should not be tolerated.

Wm. J. Hynes, attorney for appellant.

M. C. Jennings, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

It is a fundamental principle of pleading that a party is not required to plead the evidence by which his action is to be maintained.

It is also true that a plaintiff in charging negligence of a defendant, is bound to set forth the negligence on account of which he seeks a recovery.

Testing the declaration under consideration by these rules, and we find that the plaintiff has not merely declared that the defendant by his negligent conduct injured his, plaintiff's, phaeton, but he avers that the defendant so carelessly and improperly drove its train of cars, that by and through the negligence of the defendant in that behalf, the said cars ran into and struck with great force the carriage of the plaintiff.

The defendant negligently drove its train of cars against the carriage of the plaintiff is the charge. It is manifest that such negligence might have arisen from or consisted of a great variety of circumstances; to set forth the circumstances contributing to the negligence would be to plead the evidence.

The plaintiff has not merely charged the defendant with negligence; he has charged that the defendant negligently did a specific act, viz., negligently ran its car upon the plaintiff's carriage, and that thereby he, the plaintiff, was injured.

The plaintiff's declaration follows a form approved by Chitty's (Vol. 2, 710) edition of 1828; Yates' Pleadings, 396; 1 Harris' Entries, 351; Humphrey's Precedents, 807, and 8 Wentworth's Pleadings, 396.

The judgment of the Superior Court is affirmed.